

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# Wise v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wise v. Miller" (2006). *2006 Decisions.* Paper 682.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/682

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1944
_____

JOSEPH WISE,

Appellant

v.

DONNA REED MILLER;
THERESA PINKETT;
JOHN COATES

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-02820)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed July 27, 2006)
_____

OPINION
_____

PER CURIAM

Joseph Wise appeals pro se from the order of the United States District Court for

the Eastern District of Pennsylvania dismissing his civil rights complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) as barred by the applicable two-year statute of limitations.

This case arises out of Wise's attempts to procure vacant property located at 2001 West Hunting Park Avenue , for which he held no legal title. After making about $10,000 worth of renovations to the house, Wise moved into the property in August 2000. He attempted to contact the owner about buying the house but was unsuccessful. Wise contacted Councilwoman Miller, who in turn asked John Coates to have the City purchase the property for Wise at a sheriff's sale. The first sheriff's sale, which took place in 2001, yielded no buyer. Wise claims that Pinkett, an aide to Councilwoman Miller, orally granted the property to him in 2002. However, on January 23, 2003, a buyer, Ola Randolph, purchased the property via a sheriff's sale. Wise complained to Councilwoman Miller's office, prompting defendant Pinkett to call the sheriff's office. The sheriff's office allegedly told Pinkett (who then told Wise) that Randolph had failed to make a timely payment on the property and, thus, the sale would not go through and the property would be listed on the next sheriff's sale. Despite Pinkett's representations, however, Wise received written notice of the final sale to Randolph on April 23, 2003. Wise's attempts to reach Councilwoman Miller about this unforeseen turn of events went unanswered. On May 23, 2003, Wise received an eviction notice from Randolph, in connection with the eviction process brought against Wise in the Philadelphia County Court of Common Pleas. On September 4, 2003, the Common Pleas Court entered a default judgment against Wise. Wise did not prevail on appeal. After receiving  many

2

notices to vacate the premises or pay rent to Randolph, Wise moved out of the property on July 8, 2004.

On June 14, 2005, Wise filed a civil rights complaint seeking damages against defendants Miller, Pinkett, and Coates, alleging that they were obligated to purchase the property on his behalf. He claimed that by their failure to purchase the property for him, the defendants effectively denied him his right to the property without due process of law, deprived him of a liberty interest without due process of law, and subjected him to cruel and unusual punishment, in violation of the Fourteenth and Eighth Amendments.

The Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) as barred by the statute of limitations and because Wise failed to identify a cognizable property interest. The District Court granted the motion, holding that the complaint was time-barred. The District Court rejected Wise's argument that the limitations period accrued on July 8, 2004, when he was forced to vacate the property. The District Court determined that the injury for which Wise sought relief was the defendants' failure to purchase the property for him. Thus, the District Court reasoned, the injury occurred on January 23, 2003, the date that the property was sold to Randolph. The District Court ruled that Wise became aware of his injury, at the latest, on April 23, 2003, the date he received written notice that the property had been sold Randolph. Wise had two years, or until April 23, 2005, to file a timely complaint. Based on the April accrual date, the District Court held that the complaint, filed on June 14, 2005, was time-barred. The District Court dismissed the complaint with prejudice. Wise filed a timely appeal.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is plenary. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3rd Cir. 1998). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999).

We will affirm for the reasons set forth by the District Court in its opinion. However unfortunate it may be that Wise was unable to obtain ownership of the property in which he invested considerable "sweat equity," nothing can change the fact that he filed his civil rights complaint almost two months after the two-year limitations period had expired. The complaint is time-barred.

We have thoroughly reviewed the remaining arguments Wise makes on appeal and find them meritless. Accordingly, we will affirm the judgment of the District Court.

4